# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SHANNA ALLERS-PETRUS, | Case No. C08-5533 FDB |
| Plaintiff, | **RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| COLUMBIA RECOVERY GROUP, LLC | |
| Defendant. | |

## I. INTRODUCTION.

Defendant moves for summary judgment under Rule 56, arguing Plaintiff is judicially *estopped* from pursuing claims which not listed in her Bankruptcy ("Defendant's Motion"). Defendant's Motion fails for the reasons stated herein and should be denied.

Response to Defendant's Motion for Summary Judgment - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## II.  DISCUSSION OF FACTS.

With one very important exception, Plaintiff concurs with Defendant's recitation of "undisputed facts" in Paragraph II of Defendant's Motion. However, Plaintiff disagrees with Defendant's final sentence of Paragraph II wherein it writes "[n]owhere in her [Plaintiff's] schedule of assets does she list an FDCPA claim or any other cause of action."  This is no longer the case, as discussed in more detail in §III,A, *infra*.

Further, on February 18, 2009, Plaintiff's firm sent an email to Defendant's counsel which included proof of the bankruptcy amendments. *See* Plaintiff's Exhibit B. The email requested that Defendant's motion be withdrawn due to the filing of the amendments.  Plaintiff's counsel did not receive the courtesy of a response to this request.

## III.  ARGUMENT AND LEGAL AUTHORITY.

### A. Subsequent Amendments to Plaintiff's Bankruptcy Schedules Moot Defendant's Motion.

First, the Court should note that Defendant's motion has been mooted by actions taken by the Plaintiff subsequent to the filing of the motion.  Defendant's arguments depended entirely on Plaintiff's failure to list her FDCPA claim in her bankruptcy schedules.  *See* Defendant's Motion, page 2.  On February 6, 2009,

Response to Defendant's Motion for Summary Judgment - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

however, Plaintiff's bankruptcy attorney amended Plaintiff's bankruptcy schedules to include her FDCPA claim and to add a line indicating that the proceeds of her claim are exempt from creditors. *See* Plaintiff's Exhibit A. This event mooted Defendant's Motion because Plaintiff's position *vis-à-vis* the bankruptcy court is no longer inconsistent with the position being taken in this Court, and therefore the factual basis for a claim for judicial *estoppel* no longer exists. Because Defendant's judicial *estoppel* argument was the sole basis of its motion, the motion should be denied on this basis alone.

### B. *Estoppel* Doesn't Apply Even if the Motion is not Moot.

Assuming, *arguendo* Plaintiff's original omission (now nullified by her recent amendments) from her bankruptcy schedules of her FDCPA claim could conceivably form part of the basis for the application of judicial *estoppel* to prevent Plaintiff from asserting her FDCPA claim, said legal principle is not appropriate here. Specifically, Defendant argues that its motion should be granted because Plaintiff is judicially *estopped* from bringing the claim before this Court, having failed to previously disclose the existence of her claim when listing her "assets" as required by the Bankruptcy Court pursuant to her Chapter 13 bankruptcy filing. Relevant legal authorities on this topic, however, do not support the application of the doctrine of judicial *estoppel* to the facts of this case.

Response to Defendant's Motion for Summary Judgment - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

The doctrine of judicial *estoppel* is an equitable doctrine a court may invoke to protect the integrity of the judicial process, and was developed to prevent litigants from "playing fast and loose" with the courts by taking one position, gaining advantage from that position, then seeking a second advantage by later taking an incompatible position. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 2009 WL 224520, p. 5 (C.A.9 2009). "The circumstances under which judicial *estoppel* may appropriately be invoked are probably not reducible to any general formulation of principle." *New Hampshire v. Maine*, 532 U.S. 742, 749-751, 121 S.Ct. 1808, 1814-1816 (2001), *citing Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (C.A.4 1982). However, there are several factors which typically inform the decision to apply the doctrine or not in a particular case. *Id*, *citing several sources.* First, a party's later position must be "clearly inconsistent" with its earlier position. *Id*. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." *Id*. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if *estoppel* is not found. *Id*.

Response to Defendant's Motion for Summary Judgment - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Of the three judicial *estoppel* principles enunciated by the *New Hampshire v. Maine* Court and listed above, two weigh heavily against applying judicial *estoppel* to these facts.

The first principle, that the later statement must be "clearly inconsistent" with the earlier statement, does not apply here.  As discussed in §III A, Plaintiff amended her bankruptcy schedules to reflect her FDCPA claim, and thus there is no longer a statement or position taken with the bankruptcy court in conflict with her position with this court.  To the extent such a contrary statement or position did exist before, it has since been nullified and made moot by the recent amendments made by Plaintiff to her bankruptcy schedules.

As to the second principle, Plaintiff has not "succeeded" in persuading the bankruptcy court of her earlier position.  This is because her Chapter 13 Bankruptcy <u>was and remains an open case</u>.  As will be discussed in greater detail in the next section, bankruptcy debtors and creditors alike are liberally permitted, while a bankruptcy case remains open, to amend their statements and schedules. Moreover, Plaintiff has recently amended her Bankruptcy schedules to reflect the existence of her claim, which leads one to question which "statement" was actually made in her bankruptcy proceeding.  It is most equitable to choose the later statement because it would presumably be the more accurate of the two.

Response to Defendant's Motion for Summary Judgment - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

The third principle militates most clearly against the application of judicial *estoppel*. Plaintiff has amended her bankruptcy petition to add her claim and such claim is exempt from creditors. Therefore, Defendant is not prejudiced in the least by the inadvertent failure of Plaintiff to list the claim in Bankruptcy. Now that Plaintiff has amended her bankruptcy schedules, Defendant has every opportunity to take advantage of the disclosure by taking appropriate action in bankruptcy court.

Even if Plaintiff had not amended her bankruptcy schedules, Defendant still could not have been prejudiced by the failure to list her claim as an asset because Defendant <u>had actual notice</u> of Plaintiff's claim, having been served notice of the lawsuit after receiving notice of the bankruptcy petition. While the inadvertent failure to list the claim in her original Bankruptcy Schedules was clearly inconsistent with the later filing of this claim, Defendant knew about both and had ample opportunity to take action to take action in Bankruptcy Court to prevent any negative ramifications of Plaintiff's failure to report the claim.

Finally, no advantage was gained by not reporting the debt because Plaintiff's attorney has listed the proceeds of the claim as "exempt," meaning that neither Defendant nor any other creditor has any interest in the proceeds of the lawsuit. *See* Exhibit A.

Response to Defendant's Motion for Summary Judgment - 6

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**C.    The Cases Cited in Defendant's Motion are Distinguishable.[1]**

Defendant cited two non-binding cases in support of its statement that

---

[1]    Many courts have taken a bankruptcy-specific approach to applying the judicial-*estoppel* doctrine, and have established patterns for using the unique procedural aspects of bankruptcy to inform their reasoning.

Of these bankruptcy-specific considerations, two are most relevant to the case-at-bar. First, several courts have recognized that statements made in a bankruptcy case that has not yet been discharged are not "previous statements" as that term is understood in the context of judicial *estoppel,* even if it is a chapter 13 plan and the plan has been confirmed. See, *e.g., In re Foreman*, 378 B.R. 717 (Bankr. S.D. Ga. 2007); *Haslett v. Planck*, 140 Wash. App. 660, 166 P.3d 866 (Div. 3 2007); *Stallings v. Hussmann Corp*., 447 F.3d 1041, 11 Wage & Hour Cas. 2d (BNA) 777 (8th Cir. 2006).    Second, several courts have found that the existence of an inconsistency between a previous bankruptcy statement and a later claim or statement can be cured by amending the previous bankruptcy statement, as has been accomplished by the Plaintiff here.  *See*, *e.g.*, *Alloy Metal Wire Works, Inc. v. Congress Financial Corp*., 95 B.R. 340 (E.D. Pa. 1989);    *Lampl v. Smith*, 169 B.R. 432 (D. Colo. 1994); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 478 S.E.2d 629 (1996); *Clark v. Perino*, 235 Ga. App. 444, 509 S.E.2d 707 (1998).

A typical case involving the amendment of a bankruptcy statement and its effect on judicial *estoppel* arguments is *Clark v. Perino*.  Clark, 235 Ga. App. 444 (1998).  In *Clark*, the Plaintiff had filed a chapter 7 bankruptcy and had failed to include a claim in tort arising from a car accident. *Id.*  However, prior to her filing of the claim before the court in *Clark* she had amended her chapter 7 to include the tort claim. *Id.*  Defendant argued Plaintiff should be estopped from filing a tort claim against Defendant because Plaintiff had initially filed her chapter 7 Bankruptcy without disclosing the claim. *Id.*  However, the court held that *because* she had amended her claim before filing the claim at issue in that proceeding, she was allowed to proceed. *Id.*

A typical case involving statements made in pre-discharge or non-discharged chapter 13 banrkuptcy petitions and the "non-final" nature of such statements is *Stallings v. Hussman*. *Stallings,* 447 F.3d 1041 (C.A.8 2006).  In *Stallings*, the debtor had filed a chapter 13 but had not obtained a discharge because the case had been dismissed. *Id*. Because the chapter 13 had not reached the discharge stage, the court held that the Bankruptcy Court had not "accepted" the earlier statement and therefore it would not be appropriate to prevent the former debtor from making an inconsistent claim. *Id*.

Plaintiff's bankruptcy petition was filed and her chapter 13 plan was confirmed prior to the filing of the case-at-bar.  However, Defendant's bankruptcy case remained open at the time of filing and had not been discharged.  Therefore, Plaintiff's statement had not yet been fully accepted by the bankruptcy court and was subject to change as in *Stallings*.  As in *Clark*,

Response to Defendant's Motion for Summary Judgment - 7

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

"[j]udicial *estoppel* prevents a party from pursuing a claim which she had an obligation to disclose in bankruptcy and failed to do so." Neither applies squarely to the facts of the case-at-bar.

*In re Coastal Plains* involved a corporate debtor, which itself is arguably enough of a distinction to render the case irrelevant. *In re Coastal Plains, Inc.*, 179 F.3d 197 (C.A.5 1999). The debtor in *Coastal Plains* had failed to list the claim in question there (for breach of contract and return of assets) in the original petition, but additionally failed to disclose it in a list of assets submitted in a motion for relief from the automatic stay which resulted in the stay being lifted for a particular creditor. *Id.* at 202-203. For the court, the fact that relief was given from the automatic stay based on the representation that the Plaintiff had no claims against Defendant meant that the bankruptcy court had "accepted" the statement that the debtor did not have any claims. *Id.* at 210. The court held that the previous statement barred the future claim that had not been disclosed. *Id.* at 213. In making this determination, however, the Court noted that judicial *estoppel* would not have been appropriate if the debtor had lacked knowledge for

---

Plaintiff has amended her bankruptcy schedules to add her FDCPA claim, and therefore Defendant's Motion should be denied.

Response to Defendant's Motion for Summary Judgment - 8

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

the undisclosed claims or if they had had no motive for the concealment. *Id* at 210.

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988), meanwhile, is almost entirely irrelevant to the case-at-bar because it arose from a bankruptcy proceeding and was decided primarily on the basis of equitable *estoppel* and bankruptcy-specific considerations, and only gave a passing reference to Defendant's claim pursuant to judical *estoppel*, with no discussion of any possible counter-arguments or defenses by *Oneida*. *Id.* Also, unlike the case-at-bar, *Oneida* involved a corporate bankruptcy debtor and not a consumer. *Id.*

## IV. CONCLUSION

Although Plaintiff initially failed to disclose her FDCPA claim in her bankruptcy, the omission was unintentional, was not accepted by any court through a final judgment, was made during an open chapter 13 case which could be expected to be amended at any time, and had no detrimental effect on Defendant's position in this proceeding. Most importantly, Plaintiff recently amended her chapter 13 petition to add the claim as an exempt asset in her bankruptcy, rendering Plaintiff's basis for its motion moot. Plaintiff therefore respectfully requests that Defendant's Motion be denied.

Response to Defendant's Motion for Summary Judgment - 9

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted this 2nd day of March, 2009.

<u>s/Jon N. Robbins</u>
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Filed electronically on this 2nd day of March, 2009, with:
United States District Court CM/ECF system

Copy sent electronically via CM/ECF system on this 2nd day of March, 2009, to:

Kimberly Walker Olsen
Luke, Casteel & Olsen, PSC
3400 188th Street SW
Suite 484
Lynnwood, WA 98037


<u>s/Kimberly Larson</u>
Kimberly Larson

Response to Defendant's Motion for Summary Judgment - 10

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# EXHIBIT A

Response to Defendant's Motion for Summary Judgment - 11

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# EXHIBIT B

Response to Defendant's Motion for Summary Judgment - 12

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com