1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

SHANNA ALLERS-PETRUS,

11

Plaintiff,

12

v.

Case No. C08-5533 FDB

13

COLUMBIA RECOVERY GROUP, LLC,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

14

Defendant.

15

16

17

        This matter comes before the Court on Defendant Columbia Recovery Group, LLC's motion

for summary judgment pursuant to the doctrine of judicial estoppel.  The Court, having reviewed

18

the motion, response and thereto, is fully informed and hereby grants the motion for summary

19

judgment and dismisses the action for the reasons that follow.

20

21

**Introduction and Background**

22

        Plaintiff Shanna Allers-Petrus filed this Fair Debt Collection Practices Act, 15 U.S.C. §

23

1692, *et seq*. (FDCPA) action an September 9, 2008.  Prior to filing this action, Plaintiff

24

commenced Chapter 13 bankruptcy proceedings**.** Cause No. 08-15057 TTG**.**  The petition was filed

25

26

ORDER - 1

1   August 8, 2008 and the plan was confirmed on November 9, 2008.  Plaintiff did not list the FDCPA

2   claim in her bankruptcy schedule of assets.

3          In response to the FDCPA suit, Defendant Columbia Recovery Group, LLC (Columbia)

4   moved for summary judgment asserting that Plaintiff is judicially estopped from pursuing this claim

5   which she failed to list in bankruptcy.  Defendant has set forth uncontested evidence, (i.e. June 19,

6   2008 demand letter and July 22, 2008 demand letter), that Plaintiff was aware of her FDCPA cause

7   of action prior to filing her bankruptcy petition.  In apparent response to Defendant's motion for

8   summary judgment, Plaintiff amended her Chapter 13 bankruptcy schedule to include the FDCPA

9   claim.  Plaintiff lists the claim as exempt from creditors.  Columbia, a creditor in the bankruptcy

10  proceedings, has objected to the amended schedule as containing false and misleading information

11  concerning the time Allers-Petrus knew of the claim and the amount of damages.  The objection to

12  the amended schedule is pending before the bankruptcy court.

13

14                           **Summary Judgement Standard**

15         Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be

16  rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

17  together with affidavits, if any, show that there are no genuine issues as to any material fact and that

18  the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "genuine"

19  issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for

20  the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

21         In order to prevail, a party moving for summary judgment must show the absence of a

22  genuine issue of material fact with respect to an essential element of the nonmoving party's claim,

23  or to a defense on which the nonmoving party will bear the burden of persuasion at trial.  Celotex

24  Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.

25  Inc., 210 F.3d 1099 (9th Cir. 2000).  Once the movant has made this showing, the burden shifts to

26  ORDER - 2

1   the party opposing summary judgment to "designate specific facts showing there is a genuine issue

2   for trial." Celotex, at 323.  Generally, summary judgment should be denied where credibility bears

3   on an issue of material fact.  See, SEC v. Koracorp Indust., 575 F.2d 692, 699 (9th Cir. 1978).

4   "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences

5   from the facts are jury functions, not those of a judge."  Anderson, at 255. The court draws all

6   reasonable inferences in favor of the non-moving party, including questions of credibility and of the

7   weight that particular evidence is accorded. See, Masson v. New Yorker Magazine, Inc., 501 U.S.

8   496. 520 (1992). The court determines whether the non-moving party's "specific facts," coupled

9   with disputed background or contextual facts, are such that a reasonable jury might find for the

10  non-moving party.  T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In

11  such a case, summary judgment is inappropriate.  Anderson, at 248.

12

13                                    **Judicial Estoppel**

14          Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage

15  by asserting one position, and then later taking to their benefit a clearly inconsistent position.  See

16  Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996).   Judicial

17  estoppel may be invoked not only to prevent a party from gaining an advantage by taking

18  inconsistent positions, but also because of "general consideration[s] of the orderly administration of

19  justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing

20  fast and loose with the courts."  Russell v. Rolfs, 893 F.2d 1033, 1037 (9th  Cir. 1990).

21          The court considers three factors in deciding whether to exercise its discretion in applying

22  the doctrine of judicial estoppel in a particular case. New Hampshire v. Maine, 532 U.S. 742,

23  750-51 (2001); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2001).

24  "First, a party's later position must be 'clearly inconsistent' with its earlier position." Hamilton, at

25  782.  Second, the party must have "succeeded in persuading a court to accept that party's earlier

26  ORDER - 3

1    position, so that judicial acceptance of an of an inconsistent position in a later proceeding would

2    create 'the perception that either the first or the second court was misled.' " Id. Third, the court

3    must determine "whether the party seeking to assert an inconsistent position would derive an unfair

4    advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 783.

5        The Ninth Circuit has applied judicial estoppel in the bankruptcy context to prevent

6    plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings.

7    Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001); Hay v. First Interstate

8    Bank of Kalispell, 978 F.2d 555 (9th Cir.1992).  "In the bankruptcy context, a party is judicially

9    estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned

10   in the debtor's schedules or disclosure statements." Hamilton, at 783 (citing Hay, at 557).

11       Allers-Petrus clearly asserted inconsistent positions in the two proceedings.  She failed to

12   list the FDCPA claim against Columbia as an asset on her bankruptcy schedule and she later

13   brought this suit against Columbia on the same claim.  Allers-Petrus claims, nonetheless, that

14   Columbia suffered no harm due to the fact she has filed an amended personal property schedule

15   with the bankruptcy court in which she lists the FDCPA claim.  Plaintiff argues that the bankruptcy

16   proceeding remains open and the court has not yet accepted an earlier inconsistent position.  Thus,

17   any prior inconsistent position has since been nullified and made moot.

18       The Court disagrees.  The bankruptcy court need not discharge debts before the judicial

19   acceptance prong is satisfied.  Hamilton, at 784.  The court in Hamilton applied judicial estoppel to

20   the claim despite the bankruptcy court's vacation of the prior discharge.  The court noted that "[t]he

21   bankruptcy court may "accept" the debtor's assertions by relying on the debtor's nondisclosure of

22   potential claims in many other ways. See, e.g., In re Coastal Plains, 179 F.3d at 210 (finding that

23   judicial acceptance was satisfied when the bankruptcy court lifted a stay based in part on the

24   debtor's nondisclosure in its bankruptcy schedules and in a lift-stay stipulation); Donaldson v.

25   Bernstein, 104 F.3d 547, 555-56 (3rd Cir.1997) (holding that judicial acceptance was satisfied when

26   ORDER - 4

1  the court approved the debtor's plan of reorganization)." Hamilton, at 784.  It was failure to

2  disclose assets on plaintiff's bankruptcy schedules that provided the most compelling reason to bar

3  plaintiff from prosecuting claims:

4       This court invokes judicial estoppel not only to prevent a party from gaining an
        advantage by taking inconsistent positions, but also because of general
5       considerations of the orderly administration of justice and regard for the dignity of
        judicial proceedings, and to protect against a litigant playing fast and loose with the
6       courts.... The rationale for ... decisions invoking judicial estoppel to prevent a party
        who failed to disclose a claim in bankruptcy proceedings from asserting that claim
7       after emerging from bankruptcy is that the integrity of the bankruptcy system
        depends on full and honest disclosure by debtors of all of their assets. The courts will
8       not permit a debtor to obtain relief from the bankruptcy court by representing that no
        claims exist and then subsequently to assert those claims for his own benefit in a
9       separate proceeding. The interests of both the creditors, who plan their actions in the
        bankruptcy proceeding on the basis of information supplied in the disclosure
10      statements, and the bankruptcy court, which must decide whether to approve the plan
        of reorganization on the same basis, are impaired when the disclosure provided by
11      the debtor is incomplete.

12  Hamilton, at 782, 785 (citations omitted).

13      The rationale applies here.  There are no genuine issues of material fact.  Plaintiff Allers-

14  Petrus filed her bankruptcy petition with full knowledge that she had a FDCPA claim against

15  Columbia.  Plaintiff did not seek to amend her schedule of assets until after her plan had been

16  confirmed and Columbia filed the instant motion for summary judgment in Plaintiff's subsequent

17  lawsuit.  Although the Court finds all three prongs satisfied in this action, it is the failure to disclose

18  assets on her bankruptcy schedule that provides the most compelling reason to bar the prosecution

19  of her claims.

20      These factors require judicial estoppel of this action, precluding Plaintiff's further pursuit of

21  her FDCPA and pendant state law claims.  The Court does not reach the merits of Plaintiff's

22  FDCPA action.  Nor does the court consider whether Plaintiff's amended personal property

23  schedule and objections thereto warrants any particular action by bankruptcy court for the purpose

24  of releasing or pursuing these claims on behalf of Plaintiff's creditors.

25

26  ORDER - 5

1

**Conclusion**

2

For the forgoing reasons,

3

**IT IS ORDERED**:

4

Defendant's Motion for Summary Judgment [Dkt. # 16] is **GRANTED** dismissing all

5

claims of Plaintiff.

6

DATED this 24th day of March, 2009.

7

8

9

10

_____

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6