UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNA ALLERS-PETRUS,

Plaintiff,

v.

COLUMBIA RECOVERY GROUP, LLC,

Defendant.

Case No. C08-5533 FDB

ORDER DENYING DEFENDANT'S MOTION FOR FEES AND COSTS

This matter comes before the Court on Defendant Columbia Recovery Group, LLC's motion for attorney fees and costs pursuant to Fed. R. Civ. P. 11 and 15 U.S.C. § 1692k. The Court, having reviewed the motion, response and reply thereto, is fully informed and hereby denies the motion for fees and costs for the reasons that follow.

**Introduction and Background**

Plaintiff Shanna Allers-Petrus filed this Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA), action an September 9, 2008. Prior to filing this action, Plaintiff commenced Chapter 13 bankruptcy proceedings. Cause No. 08-15057 TTG. The petition was filed August 8, 2008 and the plan was confirmed on November 9, 2008. Plaintiff did not list her FDCPA claim in her bankruptcy schedule of assets.

In response to the FDCPA suit, Defendant Columbia Recovery Group, LLC (Columbia)

ORDER - 1

moved for summary judgment asserting that Plaintiff is judicially estopped from pursuing this claim which she failed to list in bankruptcy. In an apparent response to Defendant's motion for summary judgment, Plaintiff filed a proposed amendment to her Chapter 13 bankruptcy schedule to include the FDCPA claim. Defendant has objected to the amended schedule.

This Court granted Defendant's motion for summary judgment holding that Plaintiff was judicially estopped from pursuing her FDCPA and pendant state law claims for failure to disclose these claims during bankruptcy proceedings. The Court did not reach the merits of Plaintiff's FDCPA action. Nor did the court consider whether Plaintiff's amended personal property schedule, and objections thereto, warranted any particular action by the bankruptcy court for the purpose of releasing or pursuing these claims on behalf of Plaintiff's creditors.

Defendant then filed the instant motion for an award of attorney fees and costs.

**FDCPA Defense Fees and Costs**

The Fair Debt Collection Practices Act (FDCPA) was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA broadly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Dunlap v. Credit Protection Ass'n, 419 F.3d 1011, 1012 (9th Cir. 2005).

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. 1692k (a)(3). Thus, if a plaintiff brings an FDCPA action and loses, subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant if the action "was brought in bad faith and for the purpose of harassment." For an award to be made, "there must be evidence that the plaintiff knew

ORDER - 2

that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant." Gorman v. Wolpoff & Abramson, LLP, 435 F. Supp.2d 1004, 1013 (N.D. Cal. 2006). Defendant bears the burden of establishing that Plaintiff's complaint was filed in bad faith and for the purpose of harassment in the context of the motion for an award of attorneys' fees. See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1246 (10th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985).

Defendant has not established that the complaint was filed in bad faith and for the purposes of harassment. Defendant has established only that despite Plaintiff's knowledge of the FDCPA claim, it was not listed as an asset of the bankruptcy estate and Plaintiff, nonetheless filed this FDCPA action. Despite the troubling aspects of the undisputed facts, the Court gives the Plaintiff the benefit of the doubt that the action was not filed in bad faith and for the purposes of harassment. The Court did not rule on the merits of the FDCPA claim. No evidence was introduced as ton whether the claim has merit or was simply filed to harass the Defendant. The Court simply found that it was procedurally barred by application of the judicial estoppel doctrine.

Therefore, the Court declines to exercise its discretion to award attorney's fees and costs to Defendant pursuant to 15 U.S.C. § 1692k(a)(3).

**Rule 11 Attorney's Fees**

Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. Fed. R. Civ. P. 11(b); Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994). Rule 11 is designed to deter attorneys from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required. A district court is vested with discretion whether or not to enter Rule 11 sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

ORDER - 3

Parties contemplating filing a Rule 11 motion must serve that motion on the opposing party twenty-one days before filing it with the court. Fed. R. Civ. P. 11(c)(2). This twenty-one day "safe harbor" provision allows the opposing party to cure defects and, ideally, eliminates the need for filing the motion. The twenty-one day hold is mandatory, and a Rule 11 motion will be denied for failure to abide by that provision. Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005); Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC, 339 F.3d 1146, 1150-51 (9th Cir. 2003). "The purpose of the safe harbor ... is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions. A motion served after the complaint had been dismissed [does] not give [the offending party] that opportunity." Id., at 1150; Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998).

Defendant has made no showing of compliance with the safe harbor provisions of Rule 11. Additionally, it appears the motion for Rule 11 sanctions was filed after the complaint was dismissed; thus providing Plaintiff with no opportunity to withdraw the offending pleading. Accordingly, the request for Rule 11 sanctions is denied for failure to meet the twenty-one day safe harbor provision.

**Conclusion**

For the foregoing reasons, Defendant is not entitled to an award of attorney's fees and costs under either 15 U.S.C. 1692k (a)(3) or Fed. R. Civ. P. 11.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion for Fees and Costs [Dkt. # 27] is **DENIED**.

DATED this 29th day of April, 2009

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE